**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

Plaintiff,

   AGISOL LLC
   8659 Baltimore National Pike, Ste R
   Ellicott City, MD 21043

against

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES,
20 Massachusetts Ave NW,
Washington DC 20529

Defendant.

Case No.:

COMPLAINT

**COMPLAINT**

**BACKGROUND**

1. This case involves review under the Administrative Procedure Act of a decision of the United States Citizenship and Immigration Services (USCIS) in File No. EAC1916551598, approving a petition by Agisol LLC (Agisol) to classify the plaintiff, Anaga Nimmagdda (*hereinafter* "Ms. Nimmagdda"), as an H-1B nonimmigrant for a term of 27 days, from December 5, 2019 to December 30, 2019, despite the fact that the requested period of approval was for a term of three (3) years, from October 1, 2019 to September 30, 2012, apparently because Agisol failed to

1

provide an "itinerary" satisfying USCIS that it would have specialty occupation employment for her beyond December 31, 2019.

2. As will be shown, the USCIS' decision limiting the approval of Agisol's petition to classify Ms. Nimmagdda as an H-1B nonimmigrant to a mere 27 days was not in accordance with law because the itinerary requirement has been superseded by statute and may not be applied to H-1B visa applicants.

### THE COURT HAS SUBJECT JURISDICTION OVER THIS ACTION.

3. Being a civil action against the United States arising under the Administrative Procedure Act, 5 U.S.C. § 551, *et. seq.,* a law of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

### THE PLAINTIFF HAS STANDING TO BRING THIS ACTION

4. As the D.C. Circuit Court of Appeals said in finding that the beneficiary of a labor certification filed by a potential employer had standing to seek judicial review under the Administrative Procedure Act (APA) of its denial, even though the prospective employer was not a party to the action:

neither the statute's text, structure, nor legislative history supplies the requisite "clear and convincing evidence" of a preclusive purpose. *Abbott Labs. v. Gardner*, 387 U.S. 136, 141, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967); *see also Shook v. District of Columbia Fin. Responsibility & Management Assistance Auth.*, 328 U.S. App. D.C. 74, 132 F.3d 775, 778-79 (D.C. Cir. 1998). Unlike in *Block v. Community Nutrition Inst.*, 467 U.S. 340, 348, 81 L. Ed. 2d 270, 104 S. Ct. 2450 (1984), for example, where the statute itself set forth a regulatory regime that omitted mention of certain parties, giving rise to an inference that those parties were precluded from litigating in court, *see Block*, 467 U.S. at 349, there is no indication here that Congress itself considered the mechanism by which the Secretary of Labor would make labor certification decisions, or how (and at the request of whom) such decisions would be reviewable in the federal courts. And while the legislative history indicates that Congress intended to restrict further the admission of alien workers when it amended the statute in 1965, *see* S. REP. No. 748, 89th Cong., 1st Sess. (1965), *reprinted in* 1965 U.S. CODE CONG. & ADMIN. NEWS 3328, 3333, that does not speak to the

question whether the class of aliens deserving of admission under the statute have standing to challenge in court the Secretary's decision to the contrary. The regulatory regime is completely a creation of the Labor Department's regulations, and under the Administrative Procedure Act, it is only statutes, not agency regulations, that can preclude otherwise available judicial review. *See* 5 U.S.C. § 701(a)(1); *Gladysz*, 595 F. Supp. at 53-54. In light of the presumption of judicial review, *see McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 496 (1991); *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670 (1986), we cannot conclude (despite our suspicions) that Congress intended to preclude the alien from challenging labor certification denials without the alien's employer. *See Block*, 467 U.S. at 351 (holding that, where substantial doubt about congressional intent exists, the general presumption favoring judicial review is controlling).

*Ramirez v. Reich*, 156 F.3d 1273, 1276 (1998)

5. Here likewise, neither the INA's text, structure nor legislative history supplies the requisite "clear and convincing purpose" of an intent to preclude Agisol from seeking judicial review of the limitation of the period of approval of its H-1B petition upon behalf of Ms. Nimmagdda to only 27 days.

6. Accordingly, here, as in *Ramirez*, there is no basis for concluding that Congress intended to preclude a prospective employer from seeking judicial review of a denial of a petition upon behalf of an actual or potential employee.

7. Therefore the plaintiff has standing to bring this action

## CAUSE OF ACTION

THE USCIS' DECISION WAS NOT IN ACCORDANCE WITH LAW BECAUSE IT LIMITED THE PERIOD OF TIME FOR WHICH AGISOL'S PETITION COULD BE APPROVED BECAUSE OF THE UNLAWFUL "ITINERARY" REQUIREMENT

8. 5 U.S.C. § 706 provides in material part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory

3

>provisions, and determine the meaning or applicability of the terms of an <u>agency action</u>. The reviewing court shall—
>
>…
>
>**(2)** hold unlawful and set aside <u>agency action</u>, findings, and conclusions found to be—
>
>**(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

9. Inasmuch as it will be shown that the instant decision was not in accordance with law, this Court should find it unlawful and set it aside.

10. On April 11, 2019, Agisol filed a petition to classify Ms. Nimmagdda as an H-1B specialty occupation worker under 8 U.S.C. § 1101(a)(15)(H)(i)(B) from October 1, 2019 to September 30, 2022.

11. The USCIS assigned this petition File No. EAC1916551598.

12. On December 5, 2019, this petition was approved for the following time period: December 5, 2019 to December 31, 2019.

13. Although the decision failed to provide any explanation for limiting the period of approval to this narrow window, the sole conceivable reason for this limitation would be that USCIS was not satisfied that Agisol had provided it with an acceptable "itinerary" establishing that it had specialty occupation work for Ms. Nimmagdda from January 1, 2020 to September 30, 2022.

14. "(T)he itinerary requirement… has been superseded by statute and may not be applied to H-1B visa applicants." *ItServe All., Inc. v. Cissna*, 2020 U.S. Dist. LEXIS 41136, *58

15. Accordingly, the USCIS' limitation of the period of approval to any time before September 30, 2022, as requested by Agisol, was not in accordance with law.

## CONCLUSION

The Decision was not in accordance with law and so should be held unlawful and set aside. Further, inasmuch as the USCIS' unlawful denial has unreasonably delayed a lawful adjudication in this matter, the agency should be compelled to render a new decision in no more than thirty (30) days of the date of this Court's Order setting the instant decision aside. 5 U.S.C. § 706(1).

Respectfully Submitted this 26th day of June, 2020

s/*Michael E. Piston*
Michael E. Piston (MI 002)
225 Broadway Suite 307
New York, NY 10007
646/845-9895
Fax: 206-770-6350
Michaelpiston4@gmail.com